STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRIS GROSSMAN AND ANNIE GROSSMAN, PLAINTIFFS IN ERROR.

Submitted December 9, 1920—Decided February 28, 1921.

In the management and conduct of a household, a wife is presumed to take the principal part, and, therefore, in order to exonerate herself from criminal participation in acts which constitute a house disorderly, the burden is on her to show that her participation in such acts was at the command of her husband, or under his influence and coercion, this class of cases being an exception to the general rule that where a wife participates with her husband in the commission of an offence and in his presence, there is a presumption that she committed the offence by the coercion of her husband.

On appeal from the Supreme Court, whose opinion is reported in 94 *N. J. L.* 301.

For the plaintiffs in error, *Edward Schoen.*

For the defendant in error, *J. Henry Harrison* and *John A. Bernhard.*

The opinion of the court was delivered by

KALISCH, J. Husband and wife were jointly indicted and convicted of keeping and maintaining a bawdy house. The judgment was removed to the Supreme Court by writ of error for review and that tribunal affirmed the judgment. A writ of error to the Supreme Court has brought the record before us for review.

The facts which gave rise to the legal questions argued in the Supreme Court and decided there, and which are now presented and argued here, are fully and lucidly stated in the opinion of that court.

We concur in the views expressed in the opinion of the learned Chief Justice that the trial judge did not abuse sound discretion in refusing to postpone the trial on application of counsel of the accused upon the grounds presented by him. We also adopt the view of the opinion that the refusal of the motion to quash the indictment was not reviewable under section 136 of the Criminal Procedure act, but we deem it to be proper to state in this connection that if the accused desired to avail himself of the benefit of his motion to quash, he might attain that wish by requesting the judge to charge that the indictment was insufficient in law to support a verdict of guilt, or by moving in arrest of judgment upon the ground of invalidity of the indictment, as was done in this case.

We agree with the Supreme Court that it was not error for the trial judge to permit the prosecutor of the pleas to amend the indictment by inserting therein a more specific description of the location of the house alleged to have been disorderly, for the added reason that the allegation in the indictment was sufficient and an amendment, therefore, wholly unnecessary. It appears to be sufficient to allege in an indictment for keeping and maintaining a disorderly house of the character complained of, the city and county in which the offence was committed. 2 *Burr.* 1233; 3 *Chit. Crim. L.* 436; *State* v. *Uvalde Asphalt Co.,* 68 *N. J. L.* 512; *State* v. *Pennsylvania Railroad Co.,* 84 *Id.* 550. If a defendant wants a more specific description of the location or seat of the

offence he is at liberty to demand a bill of particulars. *State v. Pennsylvania Railroad Co., supra.*

At the conclusion of the case counsel of defendants moved the trial judge to direct a verdict for Annie Grossman, one of the defendants, upon the ground that the offence with which she was jointly charged with her husband was committed in his presence, and, therefore, there was a presumption that she had committed the crime by coercion of her husband. This motion was denied, as was also the later motion based upon the same ground in arrest of judgment.

The trial judge seemed to think that there was such a presumption, but that the presumption was not conclusive and was disputable. The Supreme Court appears to have taken the same view.

We think that this is too broad a statement of the legal rule relating to indictments for keeping and maintaining a bawdy house, by a wife, even though living together with her husband. In such a case no such presumption exists.

1 *Bish. New Crim. L.* 215, ¶ 361, *placitum* 3, says: "There are offences of less magnitude in which women are supposed specially to participate; therefore, in them there is no presumption of the husband's coercion. The principal illustration is the keeping of brothels and other disorderly houses." The text is supported by *Reg.* v. *Williams,* 10 *Mod.* 63, which was for keeping a bawdy house; *Rex* v. *Dixon, Id.* 335, which was a conviction for keeping a gaming house.

In *Com.* v. *Murphy,* 2 *Gray* (*Mass.*) 510, Metcalf, J. (at *p.* 513), held, in substance, that where the husband and wife lived together and she in her husband's business, in his absence, unlawfully sold liquor, the burden was on her to establish that she sold the liquor by his command or under some coercion or influence of his.

The reason of the exception to the general rule in this class of cases rests upon the sound theory that in the management and conduct of a household the wife takes the principal part, and, therefore, in order to exonerate herself from criminal participation in acts which constitute a house disorderly, the burden is on her to show that her participation in such acts

was at the command of her husband or under his influence and coercion.

We conclude, therefore, that the motions for a direction of a verdict and in arrest of judgment were properly denied.

As to the other questions presented and argued in the brief of counsel of defendants, we are in accord with the views expressed in the opinion of the Supreme Court disposing of them.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 11.

*For reversal*—None.